A. L. NAIL v. FIRST NATIONAL BANK OF CHICKASHA.

Decided April 28, 1909.

**Appeal—Record—Certiorari—Corrected Transcript.**

Where the statement of facts was copied in the record instead of bringing up the original and the transcript was not in compliance of law, the statement was struck out on motion for appellee, and appellant having brought up by certiorari a perfected record was permitted at his cost to file the original statement of facts and the corrected transcript.

Appeal from the District Court of Lipscomb County. Tried below before Hon. H. G. Hendricks.

The record having been perfected in accordance with the above ruling, the case was reversed and remanded on October 27, 1909, it being held that the evidence of payment of the note sued on was sufficient to require a submission of that issue and did not justify a peremptory charge to find for plaintiff the amount of the note.

*E. C. Gray, Capps, Cantey, Hanger & Short* and *M. L. Rowland*, for appellee.

*Bond & Melton* and *Hoover & Taylor*, for appellant.

FISHER, CHIEF JUSTICE.—We grant appellee's motion to strike from the record the statement of facts therein copied, and we grant appellant's motion to permit him to file the original statement of facts. Appellant's motion also contains an application for certiorari to bring up a more perfect record. From the statement contained in this motion it seems that the clerk failed to fasten the transcript at the top, as the rule prescribes, and failed to incorporate in it appellant's assignments of errors. Appellant has accompanied the motion with an entirely new transcript or record, which is properly certified to, and which is properly prepared in accordance with the rules and which contains his assignments of errors, and asks that this transcript be filed in lieu of the original one which is defective and not complete as pointed out. We see no impropriety in granting this request, and the new transcript is ordered filed to take effect from the date of the filing of the one first returned to this court and here filed August 10, 1908.

The costs of both motions are taxed against the appellant.